IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIAN DEAN McQUEEN,

Petitioner,

v.   CIVIL ACTION NO. 5:15cv01

LEONARD ODDO, Warden[1],

Respondent.

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of *pro se* petitioner Brian McQueen's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Respondent's "Memorandum of Law in Support of Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause." (Docket Nos. 1, 13).

## I. Procedural History

On January 5, 2015, Petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Docket No. 1). A Notice of Deficient Pleading was sent to Petitioner on January 6, 2015, requiring him to provide: (1) an application to proceed *in forma pauperis* or a fee of $5.00, (2) a Prisoner Trust Account Report, and (3) ledger sheets. (Docket No. 3). Petitioner paid the $5.00 filing fee on January 26, 2015. (Docket No. 5). On February 13, 2015, Petitioner filed a "Motion for Expedited Ruling on Petition." (Docket No. 7). An Order on February 1, 2015 by the undersigned denied Petitioner's "Motion for Expedited Ruling." (Docket No. 9). On that same date, the undersigned

---

[1] Although William Odom is listed on the Docket as the Warden of FCI Hazelton, the actual Warden is Leonard Oddo. Accordingly, the undersigned has substituted Leonard Oddo as Respondent.

ordered Respondent to show cause as to why the writ should not be granted. (Docket No. 8).

Respondent responded on March 11, 2015 with a "Motion to Dismiss or for Summary Judgment and Response to Show Cause" with supporting memorandum. (Docket Nos. 12, 13). A Roseboro Notice was issued on March 12, 2015 to the Petitioner by the undersigned pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), instructing Petitioner of his rights to file a response to Respondent's motion. (Docket No. 15). Petitioner has not filed a response to Respondent's motion.

## II. Facts

On June 21, 1992, Petitioner was arrested by the Anahuac Police Department and charged with: (1) Attempted Capital Murder, (2) Burglary of a Habitation, and (3) Aggravated Robbery. (Docket No. 13 at 2; Docket No. 13-1 at 1). Petitioner was sentenced on December 16, 1992, in Chambers County, Texas to three (3) concurrent life sentences for his state charges. (Docket No. 13 at 2; Docket No. 13-1 at 2). On January 20, 1993, Petitioner was transferred to the Texas Department of Corrections to start service of his life sentences. (Docket No. 13 at 2; Docket No. 13-3).

A warrant was issued by the State of Kentucky on June 3, 1993, for a parole violation and was lodged as a detainer with the Texas Department of Corrections. (Docket No. 13 at 3; Docket No. 13-1 at 2). On February 15, 1994, Petitioner was transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* ("WHCAP"). Id. While under the WHCAP, Petitioner continued to serve his state sentence. (Docket No. 13-1 at 2; Docket No. 13-4 at 1, 2). Petitioner was sentenced to twenty-seven (27) months by the United States District Court for the Middle District of Florida on May 3, 1994, for Knowingly Presenting to the Internal Revenue Service Fraudulent Claims for Income Tax Refunds. (Docket No. 13 at 3; Docket No. 13-1 at 3). On May 10, 1994, Petitioner was

2

returned to the Texas Department of Corrections and his federal judgment was lodged as a detainer. (Docket No. 13 at 3; Docket No. 13-4 at 1).

On May 8, 2014, Petitioner was released pursuant to parole from Texas, and was transferred to Kentucky pursuant to a detainer for a parole violation of an offense that occurred prior to the federal offense. (Docket No. 13-1 at 3; Docket No. 13-6 at 1). On June 19, 2014, Petitioner was released on parole from the State of Kentucky. (Docket No. 13-1; Docket No. 13-7 at 1). Petitioner was remanded the custody of the United States Marshals Service on June 20, 2014 for designation to a Bureau of Prisons ("BOP") facility to serve his federal sentence. (Docket No. 13-1 at 3).

### III. The Pleadings

Petitioner asserts "the Federal Bureau of Prisons is denying credit to [his] federal sentence for the 175 days he spent in 'pre-trial' state custody (from June 23, 1992 to December 15, 1992) because of a federal detainer/warrant that was lodged against [him]." (Docket No. 1 at 5). Respondent contends that "Petitioner is not entitled to the jail credit he seeks because that time was already credited to another sentence." (Docket No. 13 at 6).

### IV. Standard of Review

**A.     Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d

3

1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

B.  **Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party, as it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-52 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### V. Analysis

A.  **Commencement of Sentence**

The BOP determines the date a prisoner's sentence commences. Pursuant to 18 U.S.C. § 3585 (a), a sentence:

> "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the

sentence is to be served."

Additionally, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) ("Program Statement 5880.28") is controlled by 18 U.S.C. § 3585(b) and governs calculation of a petitioner's sentence. (Docket No. 13 at 5-6). Program Statement 5880.28 states:

> "If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum). . . the sentence commences on the date of imposition, even if a state sentence is running along concurrently."

(emphasis added). Furthermore, "a federal sentence cannot commence prior to the date it is pronounced." United States v. McLean, 867 F.2d 609 (4th Cir. 1989), 1989 WL 5457, at *1.

Here, Petitioner's concurrent state life sentences began on June 21, 1992. (Docket No 13-2 at 1). On February 15, 1994 Petitioner was borrowed from the state by the federal government under a WHCAP to answer to his federal charge. (Docket No. 13 at 8). Petitioner was sentenced in federal court on May 3, 1994; his federal sentence was ordered to run consecutive to his Texas state sentences. (Docket No. 13 at 8; Docket No 13-5 at 2). After being released on parole by first Texas and then Kentucky, on June 20, 2014, Petitioner was remanded into custody of the United States Marshals Service. Id. Pursuant to Program Statement 5880.28, Petitioner was under exclusive federal custody. Consequently, Petitioner's federal sentence commenced on June 20, 2014. (Docket No. 13-1 at 4; Docket No. 13-9 at 2).

In accord with McLean, Petitioner's federal sentence could not have commenced before the date it was pronounced. Because Petitioner's federal sentence was pronounced to run consecutive to his Texas state sentence, his federal sentence could not have started until his state sentence had ended. Thus, Petitioner's federal sentence could not have commenced any time in the year 1992,

during the dates he is requesting jail time credit for his federal sentence.

**B.      Prior Credit**

Under 18 U.S.C. § 3585 (b), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*" (emphasis added). The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson 503 U.S. at 337; see also United States v. Goulden, 54 F.3d 774 (4th Cir. 1995) (holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F. 2d 574 (4th Cir. 1992) (holding that under 18 U.S.C. § 3585(b), a defendant may receive credit towards his federal sentence for time spent in official custody prior to the date his federal sentence commences unless it has already been credited towards another sentence); King v. DeBoo, No. 2:11-CV-50, 2012 WL 1119763 at *3 (N.D. W. Va. 2012). Consequently, a prisoner cannot receive double credit for detention time.

In this case, Petitioner asserts he is entitled to 175 days jail credit toward his federal sentence for the period of June 23, 1992 through December 15, 1992. (Docket 13-1 at 5). Petitioner claims he is entitled to this credit because he was unable to post bond on his state charges due to the federal detainer. Id. Program Statement 5880.28 and 18 U.S.C. § 3585(b) both preclude double credit, "regardless of whether or not a detainer was in place or bond was set or posted on the state charges." (Docket No. 13-1 at 5). The fact that Petitioner did not make bond on his state charges resulted in him remaining in state custody. Consequently, the federal government required a WHCAP for Petitioner to appear in federal court. (Docket No. 13-1 at 2). See United States v.

Poole, 531 F.3d 263, 271 (4th Cir. 2008) (describing a WHCAP as a "mere loan of the prisoner to federal authorities [which] does not effectuate a change in custodian for purposes of the federal statute criminalizing escape from federal custody.").

Petitioner continued to serve his Texas sentences even when he appeared in federal court under the WHCAP. Id. Petitioner already received credit towards his Texas state sentence for the 175 days he requests. (Docket No. 13-1 at 5; Docket No. 13-2 at 1-2). Moreover, the Judgment in Consolidated Cause Nos. 7998. 7999, 8000 states Petitioner was "given credit for 178 days back time from the effective date of this sentence." (Docket No. 13-2 at 2) (emphasis added). Thus, the BOP has correctly calculated Petitioner's consecutive federal sentence as beginning June 20, 2014, and Petitioner is not entitled to any additional credit for the time he was under the WHCAP.

## VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" (Docket No. 12) be **GRANTED**, and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.

1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: June 4, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE