IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BRIAN DEAN McQUEEN,

        Petitioner,

v.                                       Civil Action No. 5:15CV1
                                                          (STAMP)
WILLIAM ODOM, Warden,

        Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                    **AFFIRMING AND ADOPTING REPORT AND**
                    **RECOMMENDATION OF MAGISTRATE JUDGE**

                     I.  Procedural History

    The petitioner, a federal inmate proceeding pro se,[1] filed a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). ECF No. 1. After receiving an order to show cause, the respondent[2] filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 12. United States Magistrate Judge John S. Kaull then filed a notice under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). ECF No. 15. That notice informed the petitioner of his right to file responsive material to the respondent's motion, and that failure to respond could result in the entry of an order of dismissal against him. Despite entering

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] The magistrate judge correctly points out that the warden of FCI Hazelton, which is where the petitioner is incarcerated, is Leonard Oddo, not "William Odom."

that notice over three months ago, the petitioner has yet to respond. Finding no response by the petitioner, the magistrate judge then entered a report and recommendation, wherein he recommends that the petitioner's petition be denied and that his claim be dismissed with prejudice. ECF No. 19. Although the magistrate judge informed the petitioner of the deadline for filing objections to the report and recommendation, the petitioner did not file any objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Facts

The petitioner was arrested in 1992 on charges of attempted capital murder, burglary of a habitation, and aggravated robbery. He was then sentenced in Chambers County, Texas to three concurrent life sentences for those state charges. Later, in June 1993, the Commonwealth of Kentucky issued a warrant for a parole violation, and that was lodged as a detainer with the Texas Department of Corrections. In February 1994, the petitioner was transferred to federal custody under a writ of habeas corpus ad prosequendum, but still continued to serve his state sentence. In May 1994, the United States District Court for the Middle District of Florida sentenced the petitioner to 27 months of imprisonment for submitting fraudulent claims for income tax refunds to the Internal Revenue Service. Following that sentence, the petitioner returned

to the Texas Department of Corrections, and his federal judgment was lodged as a detainer.

In May 2014, the petitioner was released under parole in Texas, and later transferred to Kentucky pursuant to the detainer for the parole violation that occurred in June 1993. Then, in June 2014, the petitioner was released under parole in Kentucky, but remanded to the custody of the United States Marshals Service to serve his federal sentence, which was imposed in May 1994.

In his § 2241 petition, the petitioner argues that he spent 175 days under state custody, which should be credited towards his federal sentence. More specifically, the petitioner is referring to a period of pretrial custody that occurred when he was first sentenced in Texas between June 23, 1992 and December 15, 1992.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

IV. Discussion

As stated above, the petitioner did not file objections to the report and recommendation, which means that the findings of the magistrate judge will be upheld unless those findings are clearly erroneous. After reviewing those findings, this Court is not "left with the definite and firm conviction that a mistake has been committed." United States Gypsum Co., 333 U.S. at 395.

As the magistrate judge correctly points out, 18 U.S.C. § 3585(a) determines when a prisoner's sentence commences. Under that statute, a sentence of imprisonment begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a) (2012). A prisoner may receive credit towards his term of imprisonment for being in official detention before the sentence commences, subject to certain conditions. See id. at § 3585(b). Also, that assumes that such credit has not been applied against another sentence. Id. In addition to the above statute, the Bureau of Prison's Program Statement 5880.28 ("Program Statement 5880.28") governs the calculation of a petitioner's sentence. Program Statement 5880.28 states in relevant part that "[i]f the prisoner is serving no other federal sentence at the time

4

the sentence is imposed, and is in <u>exclusive</u> federal custody [meaning not under a writ of habeas corpus <u>ad prosquendum</u>] . . . the sentence commences on the date of imposition, even if a state sentence is running along concurrently." (emphasis in original).

The facts show that the petitioner's state sentences began on June 21, 1992. He was then transferred into federal custody for his federal charges in February 1994. The District Court in Florida ordered that his federal sentence run consecutively to his Texas sentence. On June 20, 2014, which is when the petitioner was released on parole by Texas and later Kentucky, he was remanded to federal custody to begin his federal sentence. When he was remanded, the petitioner was under exclusive federal custody. That means his federal sentence began on June 20, 2014, and could not have began in 1992, which the petitioner appears to assert. Further, his federal sentence was imposed as running consecutive to his Texas sentence, meaning that the federal sentence could not have started until his Texas sentence ended. In addition to the requirements under Program Statement 5880.28, 18 U.S.C. § 3585(b) limits any credit toward a term of imprisonment to situations where that credit of time has not been applied against another sentence. <u>See, e.g.</u>, <u>United States v. Goulden</u>, 54 F.3d 774, *2 n.3 (4th Cir. 1995)(per curiam). In this case, the petitioner already received credit towards his Texas sentence for 178 days. <u>See</u> ECF No. 13 Ex. 2 ("The defendant, BRIAN DEAN MCQUEEN, is given credit for 178 days

back time from the effective date of [his Texas sentence]")(capital letters in original). The petitioner cannot attempt to receive double credit for his detention time. United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."). Therefore, based upon the record and the law provided above, this Court is not "left with the definite and firm conviction that a mistake has been committed" regarding the findings of the magistrate judge. United States Gypsum Co., 333 U.S. at 395. Thus, the report and recommendation of the magistrate judge is affirmed and adopted in its entirety.

## V. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Therefore, the respondent's motion to dismiss, or in the alternative, for summary judgment (ECF No. 12) is GRANTED and the petitioner's petition is DENIED and his claim DISMISSED WITH PREJUDICE.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

6

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 29, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE